### UNITED STATES of America

v.

### W. Mark FELT and Edward S. Miller.

### Crim. No. 78–00179.

United States District Court,
District of Columbia.

Aug. 28, 1980.

which would compromise ongoing investigations."

3. Scheduled to become effective on December 1, 1980.

See also D.C., 502 F.Supp. 71.

---

## MEMORANDUM AND ORDER

BRYANT, Chief Judge.

### A

The government has moved *in limine* to prevent witnesses and defense counsel from unilaterally disclosing in open court certain classified information.[1] Instead, the government has requested an order directing witnesses and defense counsel to review information presented in one of three lists compiled by the government: witnesses are "not to disclose any item on such list during testimony ... absent specific direction from the court to do so ...."; counsel are "not knowingly to disclose through questions or argument or [elicitation of] testimony ... the items listed ... absent prior notice to the Government and approval by the court...." The longer list, for the perusal of counsel, identifies approximately twenty-two categories of intelligence information and activities, *e. g.*, "[t]he fact that particular information was received from the intelligence service of a foreign country," "[t]he name of an informant." The shorter lists, for witnesses with various security clearances, identify approximately thirteen/seventeen of the categories contained in the longer list.

Underlying the motion *in limine* are affidavits submitted by Deputy Attorney General Renfrew and Secretary of Defense Brown asserting categorical claims of privilege. In his *in camera, ex parte* submission, Secretary Brown has elaborated upon the type of information falling within approximately six of the categories comprising the government list. He states that such information qualifies as secrets of state, the disclosure of which could severely damage certain intelligence activities. Deputy Attorney General Renfrew has offered a "composite claim of privilege," explaining how disclosure of information within any of the categories comprising the remainder of the list, *e. g.*, information disclosing electronic surveillance of a foreign counter-intelligence target or intelligence gathering techniques, would adversely affect the national interest.[2] Judge Renfrew has also added that he is personally familiar with some of the documents designated by the defendants for use at trial, and that such documents contain information falling within the categories of information which,

---

1. The present motion supplements the Government's Motion for Disclosure of Certain Claims of Privilege to Defense Counsel and for an Order Directing Them to Advise the Court Prior to Knowingly Eliciting Testimony Covered by Such Claims of Privilege. This earlier government motion was filed in response to defendant Felt's Motion to Relieve Counsel from Obligations to Protect National Security Information During Trial and for a Trial Continuance.

2. Deputy Attorney General Renfrew asserted the claim of privilege in his capacity as Acting Attorney General, while Mr. Civiletti was out of the country.

if disclosed, would adversely affect the national interest.[3]

B

It is important to understand the nature of the motion proposed by the government. Unlike a motion *in limine* excluding use of testimony at trial, *e. g., United States v. Red Feather*, 392 F.Supp. 916, 925 (D.S.D. 1975), the government seeks only to establish a notice provision protecting against the unwarranted disclosure of certain information through the question–by–question objection procedures normally used at trial. The standard to be applied to exclude particular witness testimony at trial, or the particular privilege underlying any attempts at exclusion, are not at issue at this point in the proceeding.

The only determinations for this court at present are whether the government has made an adequate showing for such a notice provision, and whether the provision impermissibly infringes on the defendants' constitutional rights.

■ The government has met its first burden. All the parties in this case have spent months examining documentary evidence to be tendered at trial, redacting information revealing sensitive information, and preparing substitute information, stipulations, or admissions for presentation to the jury. The government has expressed concern that defense witnesses unfamiliar with the manner in which the documents have been tailored for trial, or with access to classified information never addressed in these pretrial proceedings, might reveal sensitive information at trial. The claims of privilege by Secretary Brown and Judge Renfrew represent reasonable attempts to deal with a difficult situation: the government has no idea exactly what information defense witnesses, or even government witnesses on cross–examination, have reviewed

during their years of service and may reveal. Under the circumstances, the proffered claims of privilege, by highlighting particular categories of sensitive information, suffice to alert this court "to the possibility of harm from the disclosure" of certain information at trial, and provide a sufficient basis to adopt a provision "to reserve for the government an opportunity to interpose specific objections" before any information is eventually disclosed at trial. *Black v. Sheraton Corp.*, 564 F.2d 531, 543–45 (D.C.Cir.1977); *see Jabara v. Kelley*, 75 F.R.D. 475, 487–89 (E.D.Mich.1977) ("essential matter is that the executive officer claiming the privilege give careful consideration to the nature of the information withheld and its effect on national security"). Finally, there is no question that the categories of information delineated in the claims of privilege have traditionally been afforded protection. *See, e. g. Roviaro v. United States*, 353 U.S. 53, 62–64, 77 S.Ct. 623, 628–630, 1 L.Ed.2d 639 (1957) (informant's privilege); *United States v. Reynolds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953) (state secrets); *Halkin v. Helms*, 598 F.2d 1, 8–11 (D.C.Cir.1978) (NSA foreign intelligence activity qualifying under state's secret privilege); *United States v. Miller*, Crim.No.78–00179, slip op. at 5–7 (D.D.C. Dec. 21, 1979) (intelligence information from foreign sources).

■ This court is also convinced that the proposed motion does not violate the sixth amendment right of the defendants to effective assistance of counsel or the first amendment rights of defense counsel and witnesses. The portion of the order directed at counsel is premised on the "knowing" disclosure of information through argument or questions directed at witnesses. According to the government, this is to prevent counsel from circumventing "the detailed document preparation process that has taken place over the last six months by *know-*

---

**3.** The affidavit of Judge Renfrew was accompanied by two affidavits by officials of the FBI and CIA further describing the nature of the classified information contained in the documents designated by the defendants for use at trial. Judge Renfrew indicated he had read the affidavits, one of which (Daly affidavit) added that the defendants intend to elicit testimony from witnesses who had access to classified information similar to that contained in the trial documents when employed by the FBI or Department of Justice.

*ingly* eliciting testimonial information [counsel knows] has been excluded during the document preparation process, or which they *know* would jeopardize exactly the same type of sources as have received protection from this court during the document preparation process." Government's Reply at 6 (emphasis in original).

The involvement of defense counsel in preparing the documents for use at trial, the categories of information presented in the claims of privilege and the lists attached to the government's motion combine to create adequate notice of the information not to be disclosed without court approval; the proposed standard protects against the sort of inadvertent disclosure alluded to by defendant Felt in his Motion to Supplement and Clarify the Record. The notice scheme falls far short of burdening defense counsel to the point where the defense is denied an "opportunity to participate fully and fairly in the adversary process." *Herring v. New York*, 422 U.S. 853, 858, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593 (1975). Finally, the government's proposal affects only courtroom testimony and statements by witnesses and counsel; cases dealing with the first amendment repercussions of attempts to control extra–judicial statements or disclosures, *e. g. In re Halkin*, 598 F.2d 176 (D.C. Cir.1979), are not persuasive. In even more ordinary circumstances trial judges are regularly involved in controlling the flow and form of the evidence offered to the jury.

It is hereby ORDERED that the government's Motion In Limine and for a Trial Protective Order is granted.

Furthermore, it is hereby ORDERED

(1) That any counsel calling any witness who is a present or former official of the United States Government with access to classified information shall exhibit Attachment B or C attached hereto, depending upon the level of classified information to which the witness had access, and shall instruct such witness not to disclose any item on such list during testimony at the above trial absent specific direction from the court to do so; and

(2)(a) That all counsel for defendants Felt and Miller with responsibility for eliciting testimony at the trial of the above case familiarize themselves with Attachment A hereto; and

(b) That such counsel are directed not knowingly to disclose through questions or argument or knowingly to elicit testimony about the items listed on Attachment A attached hereto, absent prior notice to the government and approval by the court or consent by the government.

And, it is further ORDERED that the clerk place Attachments A, B, and C to this order under seal.

And, it is further ORDERED that defendant Felt's Motion to Relieve Counsel from Obligations to Protect National Security Information During Trial is denied.